*92 OPINION.
Arundell :
The transaction involving the issuance of special preferred stock to Harry Largman and Joseph Largman having a par value equal to the principal amount of the notes, was entered into by the petitioner to meet the demands of the holders of the notes for an increase of 2 per cent in the interest rate on their loans. The resolution, under the terms of which the stock was issued by the petitioner and accepted by its creditors, did not provide for the discharge of the notes or an exchange of the notes for the stock. That *93 this provision of the resolution was carried out is shown by the fact that at all times during the taxable year the Largmans held both the notes and the stock. The holders of the notes reserved the right to demand payment of the instruments, and upon the payment of all or part of the principal amount of any of the notes, the holders thereof were to return stock of a par value equal to the payment on the notes. Any cash paid to the Largmans in connection with the redemption of the stock held by them was to be applied to the liquidation of the notes. Until the debts were paid, the notes were to draw interest at the original rate of 6 per cent per annum, and any dividends paid on the stock up to 6 per cent were to be treated as payments of interest, any sum in excess of 6 per cent to be regarded as a dividend payment.
No dividends were declared on the petitioner’s special preferred stock during the taxable year and nothing was paid on the face amount of the notes. The liability of the petitioner to pay 6 per cent interest on the full face amount of the notes was constant throughout the taxable year.
At the hearing counsel for the petitioner admitted error in claiming as a deduction interest on the debts in excess of 6 per cent per annum. The deficiency should be recomputed by allowing as a deduction for interest on indebtedness, a sum equal to 6 per cent of $84,000, the principal amount of the notes.

Judgment will be entered under Bule 50.